## Fenstermacher *versus* Moyer *et al.*

A testator devised his real estate to his two nephews (whom he also appointed his executors), and charged the same with the payment of a sum of money to certain other relatives; and gave the residue of his personal property to the same persons in whose favour the legacy was so charged on the real estate: *Held*, that one of the said legatees, by his receipt to the executors, for a sum of money "for inheritance," was estopped from setting up an adverse claim to the testator's real estate.

ERROR to the Common Pleas of *Lehigh county*.

This was an ejectment by Philip Fenstermacher against Daniel Moyer and Solomon Moyer, for one undivided fourteenth part of a messuage and tract of land, in Upper Macungie township, containing 161 acres, or thereabouts.

Nicholas Moyer, under whom both parties claimed title, died in 1784, seised of the premises in question, leaving nine children, and by his will devised the same to his son Jacob, in fee simple, subject to the payment of £1500 to his other children, and to the support of his widow and two minor daughters. And in a subsequent clause of his will he provided as follows:—

"And it is further my will and testament, that if either of my children, which are now as yet single and unmarried, should happen to die unmarried, then his or her part, share, or portion shall be divided equally amongst the rest of my children."

Jacob survived all his brothers and sisters, and died unmarried in 1852, having first by his will devised the premises to the defendants, the sons of his eldest brother Daniel, (and whom he also made his executors,) charged with the payment of $7000, one-half to the heirs of his deceased brother Daniel, and the other half to the heirs of his other deceased brothers and sisters. And he bequeathed the residue of his personal estate "to be divided in the same manner, and to the same persons, as amounts first above mentioned."

The plaintiff, who was a son of Anna Margaret, a deceased daughter of Nicholas Moyer, brought this ejectment for an undivided fourteenth part of the premises, contending that, under the will of Nicholas Moyer, his son Jacob took an estate in fee simple, upon condition that he should marry; and that, having died unmarried, the estate became vested in his brothers and sisters, as heirs at law.

On the trial, the defendants gave in evidence a receipt in the German language, signed by the plaintiff, of which the following is a translation:—

"March 18th 1855.

"I, the undersigned, received of Solomon and Daniel Moyer,

[Fenstermacher v. Moyer et al.]

executors of the deceased Jacob Moyer, for inheritance (*Erbschaft*), the sum of two hundred dollars and forty cents.

"PHILIP FENSTERMACHER."

The court below (FINDLAY, P. J.) admitted this paper in evidence, under exception by the plaintiff, and instructed the jury to find a verdict for the defendants.

To this instruction the plaintiff excepted; and a verdict and judgment having been rendered for the defendants, he removed the cause to this court, and here assigned for error: 1. The admission of the receipt in evidence: 2. The instruction to find for the defendants.

*Oliver* and *Marx*, for the plaintiff in error.

*Bridges* and *Banks*, for the defendants in error.—The plaintiff, by accepting a provision under the will, is estopped from contesting the devise contained in it: Preston *v.* Jones, 9 *Barr* 456; Fulton *v.* Moore, 1 *Casey* 468; Hamilton *v.* Buckwalter, 2 *Yeates* 389; Cauffman *v.* Cauffman, 17 *S. & R.* 16; Stump *v.* Findlay, 2 *Rawle* 174.

The opinion of the court was delivered by

WOODWARD, J.—We think the plaintiff estopped himself by his receipt of March 18th 1855. It was given for money paid to him by the defendants, as executors and principal devisees named in the will of Jacob Moyer, which money is expressed to be for plaintiff's inheritance (*Erbschaft*).

What was the defendants' interest under the will of his uncle, Jacob Moyer?

In 1784, Nicholas Moyer devised his homestead farm to his son Jacob, in fee simple, subject to the payment of fifteen hundred pounds to the other children of testator, and to the support of the testator's widow and his two minor daughters.

Whether Jacob took an unconditional fee, or a fee defeasible on his failure to marry, depended on the construction to be given to a subsequent clause of his father's will, in which he provided that if any of his children should die unmarried, his or her "part, share, or portion" should be divided among the rest of his children.

Sixty-eight years after the death of Nicholas, his son Jacob died, unmarried, in possession of this same farm, and left a will by which he devised it and all of his real estate to his two nephews, Daniel and Solomon, sons of a deceased brother, Daniel, and whom he also made executors of his will, but he charged them with the payment of seven thousand dollars, one-half to the heirs of his deceased brother Daniel, and the other half to the heirs of his other deceased brothers and sisters. The plaintiff is the son of

[Fenstermacher *v.* Moyer *et al.*]

Margaret, who was one of the deceased sisters of Jacob Moyer, when his will took effect. And thus he became entitled to share in the fund which was raised by the devise of the land in question to the defendants. He might have refused to participate in that fund, and thus have left himself free to question his uncle's right to devise the land, but he cannot both affirm and disaffirm the will. Where a person accepts a legacy bequeathed, he elects to stand by the provisions of the will: Fulton *v.* Moore, 1 *Casey* 468. It would be absurdly unjust to permit the plaintiff to receive from the defendants the money they were to pay for the land, and then to recover the land also. Yet this is what is attempted here.

Counsel feel the stress of the plaintiff's position so sensibly, that they endeavour to give his receipt an application exclusively to the personal estate of the testator. They say, upon what authority I know not, that the money came from that portion of the personal estate that was given to the same persons as the seven thousand dollars.

The will of Jacob Moyer, made more than seven years before he died, directed that his personal property should be converted into cash—$350 of which were distributed in specific legacies, and the balance to be divided "in the same manner, and to the same persons, as amounts first above mentioned."

It does not appear that there was any personal estate remaining after payment of the specific legacies, but if it had been shown there was, the plaintiff's right to a distributive share would depend on his right to share in the "amounts first above mentioned," which expression means the two sums into which the $7000 paid for the land were divided. A receipt, therefore, for part of the personalty would, under the circumstances, be an affirmance of the will no less express than a receipt for part of the charge on the realty.

That receipt, whether applicable to the one fund or the other, was an admission that Jacob Moyer had good right to make the devises contained in his will, and so concluded the plaintiff from raising the question whether, under his father's will, Jacob Moyer took an unconditional or a defeasible estate in fee simple.

Counsel express a wish that we shall decide that question. Not until it arises. It is not free from difficulty, and we should do injustice to other parties, who may possibly be in condition to raise it, if we should decide it before they are heard, at the suit of a party who has no interest in it.

Confining ourselves strictly to the question upon the record now before us, the judgment is affirmed.